# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LUIS EMILIO BARREIRO-MOLINA,<br><br>    Defendant. | CRIMINAL No. 19-1476 (MEL) |

**OPINION AND ORDER**

On July 18, 2019, the United States of America ("the Government") filed a complaint against Luis Emilio Barreiro-Molina ("Defendant") charging him with violation of possession of a firearm in a federal facility pursuant to 18 U.S.C. § 930(a). ECF No. 1. The charge against Defendant is a Class A misdemeanor because it is an offense punishable by "one year or less but more than six months." 18 U.S.C. § 3559(a)(6).

An arrest warrant was issued and executed. Defendant appeared for an initial hearing on July 25, 2019. ECF No. 10. On September 10, 2019, Defendant filed a Motion to Dismiss alleging that the Speedy Trial Act ("STA") compelled dismissal of the complaint because neither an information had been filed nor an indictment been returned by a grand jury within thirty days of his arrest. ECF No. 13. Defendant's Motion to Dismiss was denied. ECF No. 14. Pending before the court is Defendant's motion asking the court to reconsider its denial of the Motion to Dismiss. ECF No. 15.

In his Motion for Reconsideration Defendant presents similar arguments to the Motion to Dismiss, but in greater depth, and reiterates that the STA requires the filing of an information or that an indictment be returned by a grand jury within thirty days from the date on which an

individual is arrested for a Class A misdemeanor charge. ECF No. 15, at 1-2. Dismissal of the complaint is warranted in this case, Defendant contends, because more than 30 days have elapsed since his arrest without him being indicted or charged by means of an information. Id. at 2. The Government disagrees, reasoning that the thirty-day time limit imposed by the STA only applies to felony charges. ECF No. 17, at 3. In support of its view, the Government argues that pursuant to Federal Rule Criminal Procedure 58 ("Rule 58"), a Class A misdemeanor may proceed on a complaint, without an indictment or information.

Rule 58 sets out rules that "apply in petty offense and other misdemeanor cases and on appeal to a district judge in a case tried by a magistrate judge, unless this rule provides otherwise." Fed. R. Crim. P. 58(a)(1). Petty offenses include Class B and Class C misdemeanors, among other types of infractions; therefore, the phrase "other misdemeanor cases" must have in mind Class A misdemeanors. See 18 U.S.C. § 19. Rule 58 states, in pertinent part, that "[t]he trial of a misdemeanor may proceed on an indictment, information, or complaint." Fed. R. Crim. P. 58(b)(1).

According to the Government, the only applicable STA provision in this case is the seventy-day time limit to proceed to trial after Defendant's first appearance before a judicial officer. ECF No. 17, at 3-4. The STA provides that "[i]f a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent." 18 U.S.C. § 3161(c)(1). This particular provision is not making reference to felonies because a defendant cannot consent to have a magistrate judge presiding over a trial that entails felony charges. Compare Fed.R.Cr.P. 5(d), which is completely silent on the matter of consent in cases that involve felony charges, with Fed.R.Cr.P. 58(b)(2)(E) in the context of misdemeanors. Moreover, it does not make sense to apply this provision's consenting-

to-be-tried-before-a-magistrate-judge language to Class B or C misdemeanors because a defendant is not entitled to have a district judge presiding over a petty offense. Fed.R.Cr.P. 58(b)(2)(E)(i). Thus, a magistrate judge may preside over a petty offense trial regardless of whether the defendant consents to having said judicial officer presiding over the case. The STA's provision previously quoted, however, makes sense in the context of a Class A misdemeanor because a defendant could exercise his right to have a district judge presiding over the trial. Fed.R.Cr.P. 58(b)(2)(E)(ii). Interestingly, however, the STA does not merely say that if the defendant agrees to be tried before a magistrate judge, the trial must begin within seventy days from the date of such consent. It states that if the defendant consents in writing to be tried before a magistrate *on a complaint*, the trial shall commence within seventy days from the date of such consent. This means that in the context of Class A misdemeanors, there are two layers of consent. The first one is that although a defendant has the right to have a Class A misdemeanor case presided by a district judge, he may consent to have it presided by a magistrate judge. The second layer of consent is that the only way that the government may proceed to trial on a Class A misdemeanor on a complaint after thirty days from a defendant being arrested or served with summons is if the defendant consents in writing. If the defendant does not provide such consent, as is the case presently before the court, then there must be an indictment or information for the Government to continue prosecuting the case after thirty days.

The STA states, in its pertinent part, that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The term "offense", within the context of the STA, "means any Federal criminal offense which is in violation of any Act of Congress and is triable by any court

3

established by Act of Congress (other than a Class B or C misdemeanor or an infraction, or an offense triable by court-martial, military commission, provost court, or other military tribunal)." 18 U.S.C. § 3172(2). Therefore, the STA is not limited to felonies; Class A misdemeanors are bound by said Act too. United States v. Morales-Montes, No. 12-639-M, 2012 WL 2835837, at *3 (D.P.R. July 9, 2012).

The Government counters that this reading of the STA would render Rule 58(b)(1)'s clause that a trial on a misdemeanor may proceed on a complaint meaningless because the STA dictates that "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2). This argument is untenable. First, the definition of offense for purposes of the STA excludes petty offenses; hence, a trial on a Class B or C misdemeanor could be held in less than thirty days on a complaint. Second, a defendant could consent in writing to have a trial on a Class A misdemeanor in less than thirty days. The implication of this second scenario is that if the Government wishes to proceed to trial on a Class A misdemeanor *on a complaint*, it will always need the defendant's voluntary consent, regardless of whether the trial is in less than thirty days (18 U.S.C. § 3161(c)(2)) or more than thirty days (18 U.S.C. § 3161(c)(1)).[1] If the government wants to avoid having to beg the defendant for his consent on a Class A misdemeanor trial, the solution is simple: get an indictment or an information. See Fed.R.Cr.P. 7.

The STA establishes time limits for completing the various stages of a federal criminal prosecution. See 18 U.S.C. § 3161. As previously stated, the STA provides that "[a]ny

---

[1] In theory, the government could proceed to trial on a Class A misdemeanor charge in a complaint without the defendant's consent if the trial were to be held exactly on the thirtieth day after his arrest, but this hypothetical scenario is devoid of pragmatism.

4

information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." Id. at § 3161(b). In the case at hand, the Government failed to charge Defendant by means of an indictment or information within the thirty days allowed by the STA. The determination that the Government was required to file an information or seek an indictment within thirty days from the date Defendant was arrested for the Class A misdemeanor charge is supported by other courts that have considered this issue. See United States v. Fawster, No. 1:12-MJ-364, 2013 WL 4047120, at *2-3 (D.R.I. Aug. 9, 2013); United States v. Morales-Montes, No. 12-639-M, 2012 WL 2835837, at *3 (D.P.R. July 9, 2012); United States v. Nash, No. 2:08-mj-678, 2010 WL 702438, at *2 (D. Nev. Feb. 19, 2010). Violation of the time limits in the STA requires dismissal of the complaint. Id. § 3162(a)(1). Therefore, the complaint must be dismissed.

The only remaining issue is whether dismissal should be with or without prejudice. In determining whether to dismiss the case with or without prejudice, the court shall consider, these three factors, among others: (1) the seriousness of the offense, (2) the facts and circumstances of the case which led to dismissal, and (3) the impact of a reprosecution on the administration of the STA and the administration of justice. 18 U.S.C. § 3162(a)(1).

As to the first factor, Defendant was charged of bringing a .40 caliber Smith and Wesson pistol, loaded with a magazine containing 14 rounds of .40 caliber ammunition, and an additional magazine containing 14 more rounds of .40 caliber ammunition onto federal property. ECF No. 1-1, at 3, ¶ 4. Allegedly Defendant admitted he was aware of the prohibition against firearms on federal property. ECF No. 1-1, at 4, ¶ 7. This is a serious offense. Thus, the first prong of the analysis weighs in favor of a dismissal without prejudice.

As to the second factor, the record of the case does not reveal a zealous prosecution. After Defendant was released on his own recognizance on July 25, 2019, nothing of substance happened until Defendant filed a motion to dismiss on September 10, 2019. ECF Nos. 10 through 13. This second prong weighs in favor of a dismissal with prejudice.

As to the final factor, the Court finds that reprosecution would have a minimal impact on the administration of the STA and justice. Defendant has not been detained pending trial, and by the time that the Motion to Dismiss and the Motion for Reconsideration were filed, less than 70 days had transpired since Defendant's arrest. Therefore, this third prong of the analysis bolsters the proposition that the dismissal should be without prejudice. Taking all three previously discussed factors into account, the court finds that dismissal without prejudice is warranted.

For the foregoing reasons, the Motion for Reconsideration, (ECF No. 15), is GRANTED IN PART and DENIED IN PART. Defendant's request for dismissal of the complaint is GRANTED. However, the request to effectuate said dismissal with prejudice is DENIED. The complaint is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of October, 2019.

s/Marcos E. López  
U.S. Magistrate Judge